The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of the Conclusions of Law and Award and other minor changes for clarity.
Plaintiff's Motion to Allow Additional Evidence Before the Full Commission is allowed in regard to Dr. Santoso's medical records but denied as to the affidavits of plaintiff and his wife.
* * * * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to the North Carolina Workers' Compensation Act.
2. At the time of the compensable injury by accident, an employer-employee relationship existed between plaintiff and defendant.
3. Liberty Mutual Insurance Company was the carrier on the risk.
4. Plaintiff's average weekly wage was $560.00, yielding a compensation rate of $373.33.
5. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant on January 16, 1989.
6. Plaintiff has been receiving weekly temporary total disability benefits at the compensation rate of $373.33 since the date of injury.
7. A prior Opinion and Award was issued in this case by former Deputy Commissioner Charles Markham on May 27, 1992.
* * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the compensable injury by accident, plaintiff was 44 years old. He is a high school graduate and served five years in the U.S. Navy. His prior work experience includes welding and working at a gas service station. Since 1977 he has been a truck driver for various employers.
2. On January 16, 1989, plaintiff was employed as a truck driver for defendant. On that day, he sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant when he was involved in an accident which resulted in the death of a pedestrian.
3. As a result of this compensable accident, plaintiff developed psychological problems for which he receives treatment from Dr. Rudy Santoso, a psychiatrist who is plaintiff's primary treating physician. Plaintiff has been under the care of Dr. Santoso since August of 1990.
4. Following this accident, plaintiff returned to work for defendant as a truck driver and continued working until April 23, 1991. Since that time, plaintiff has not worked or sought work in any type of employment.
5. In September of 1992, defendant assigned a vocational rehabilitation counselor, Dave Stewart, to plaintiff's case. However, Dr. Santoso recommended that plaintiff not undergo vocational rehabilitation at that time, and the vocational rehabilitation was therefore discontinued.
6. As a result of the compensable injury by accident, plaintiff has post-traumatic stress disorder and syncopal episodes which are regulated with medication. Due to the recurring syncopal episodes, plaintiff has been advised by Dr. Santoso not to drive an automobile.
7. At defendant's request, plaintiff was evaluated by Dr. Brian O'Malley, a psychologist, on May 23, 1994. At that time, Dr. O'Malley administered an MMPI-2 to plaintiff. Plaintiff's test scores rendered an invalid profile, which could have resulted from random responding, falsely claiming psychological problems, a low reading level, confusion, or a need for help.
8. Plaintiff was referred to Dr. Gary Indenbaum, a psychologist, by Industrial Commission Rehabilitation Nurse Teri Sieving. Dr. Indenbaum first saw plaintiff on September 29, 1994, and continued his treatment of plaintiff for several months.
9. Defendant has not reassigned a vocational rehabilitation counselor to plaintiff's case. Plaintiff has not looked for work, but has expressed some interest in the past in training at a community college to become an automobile mechanic. Plaintiff has attempted to rebuild a 1983 Mustang and has done remodeling work at his father's house, installing a shower and new commodes, and tearing out and replacing walls.
10. All of the medical experts who have examined and treated plaintiff agreed that he would benefit from returning to some type of gainful employment. Considering plaintiff's psychological condition and his prior employment experience, vocational assistance is necessary in order for plaintiff to conduct a meaningful search for employment which is suitable to his capacity. Vocational rehabilitation is reasonably required to lessen the period of disability from plaintiff's compensable injury.
* * * * * * * * * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has been temporarily totally disabled since the admittedly compensable injury by accident on January 16, 1989, and has continued to receive compensation benefits at the rate of $373.33 per week since that time. N.C. Gen. Stat. 97-2 (6); 97-29.
2. Plaintiff is entitled to have defendant continue to provide all medical compensation, including reasonable vocational rehabilitation, to the extent it tends to effect a cure, give relief or lessen the period of disability. N.C. Gen. Stat. 97-2
(19); 97-25.
* * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant shall continue to pay plaintiff temporary total disability compensation at the rate of $373.33 per week until further order of the Commission, provided that plaintiff undergo and cooperate with reasonable vocational rehabilitation provided by defendant.
2. Defendant shall pay all medical compensation incurred, or to be incurred, by plaintiff as a result of his compensable injury of January 16, 1989, including reasonable vocational rehabilitation.
3. As ordered in the Opinion and Award previously entered in this case by Deputy Commissioner Markham dated May 27, 1992, counsel for plaintiff shall continue to receive every fourth check of compensation so long as plaintiff's disability continues.
4. Industrial Commission Rehabilitation Nurse Emily McKinney is hereby assigned to assist the parties in the management of the medical and rehabilitation treatment in this case.
5. Each side shall bear its own costs.
 S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING: S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
LKM:bjp